

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SLT:GMP
F.#2011R01661/NY-NYE-648Z

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 18, 2013

<u>By Hand and ECF</u>
The Honorable Dora L. Irizarry
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: <u>United States v. Valter Memia</u>
      <u>Criminal Docket No. 11-486 (S-1)(DLI)</u>

Dear Judge Irizarry:

  The government respectfully submits this letter in advance of sentencing in the above-captioned case, which is scheduled for September 27, 2013. For the reasons stated below, the government respectfully requests that the Court sentence the defendant within the applicable advisory Guidelines range of 37 to 46 months.

I.  <u>Background</u>

  In June 2007, agents from the New York Organized Crime Drug Enforcement Strike Force ("OCDESF") began an investigation into a large-scale narcotics distribution organization that was responsible for distributing large quantities of marijuana, cocaine, MDMA and prescription opiates throughout the United States, Canada and Europe. (Presentence Report ("PSR") ¶¶ 4-6).

  During the course of the conspiracy, beginning in approximately 2009, the defendant partnered with co-defendant Gjavit Thaqi in purchasing marijuana for distribution that had been imported by Canadian co-conspirators. (PSR ¶ 47). The defendant also traveled to New York City on several occasions for the purpose of purchasing marijuana from Thaqi, which the defendant then distributed through his network of low-level dealers located in Albany, New York. <u>Id</u>. The defendant is accountable for distributing at least 100 kilograms of marijuana. <u>Id</u>.

On May 2, 2013, the defendant pleaded guilty, pursuant to a plea agreement, to a lesser-included offense of Count Three of the superseding indictment, charging the defendant with conspiracy to distribute and possess with intent to distribute marijuana, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C). (PSR ¶ 1).

II. Discussion

   A.   Legal Standard

The Sentencing Guidelines are advisory, not mandatory. United States v. Booker, 543 U.S. 220, 258-60 (2005). However, the Supreme Court held in Booker that sentencing courts must consider the Guidelines in formulating an appropriate sentence. Id. In Gall v. United States, 552 U.S. 38 (2007), the Supreme Court set forth the procedure for sentencing courts to follow in light of Booker:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.

Gall, 552 U.S. at 49 (citation omitted). Next, a district court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [a district court] may not presume that the Guidelines range is reasonable. [A district court] must make an individualized assessment based on the facts presented." Id. at 49-50 (citation and footnote omitted).

   B.   The Advisory Guidelines Range Is 37 to 46 Months

The Probation Department has determined that the defendant's adjusted offense level is 23, the defendant is in Criminal History Category I, and the advisory Guidelines sentencing range is 46 to 57 months' imprisonment. (PSR ¶ 137). The government supports a further two-point reduction for global disposition pursuant to Guidelines Policy Statement 5K2.0. (PSR ¶ 149). Including this reduction, the resulting advisory Guidelines sentencing range is 37 to 46 months. Id. The defendant agrees with this Guidelines calculation.

    C.    A Sentence Within the Guidelines Range Is Appropriate in This Case

Based on the factors set forth in 18 U.S.C. § 3553(a), a sentence within the Guidelines range is appropriate in this case.

A sentence within the advisory Guidelines range is necessary to reflect the seriousness of the offense, promote respect for the law and provide just punishment. 18 U.S.C. § 3553(a)(2)(A). As noted above, the defendant's offense of conviction -- conspiring to distribute over 100 kilograms of marijuana -- is a serious crime that merits a serious punishment. While the defendant has no criminal history points, his illegal entry into the United States, in addition to the instant offense, demonstrates an on-going lack of respect for the law. A term of imprisonment within the advisory Guidelines range is therefore necessary in order to serve these important purposes of sentencing.

A sentence within the advisory Guidelines range is also necessary to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(B) & (c). "Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence." United States v. Davis, No. 08-CR-332 (JBW), 2010 WL 1221709, at *2 (E.D.N.Y. March 29, 2010). Both considerations support the imposition of a serious term of imprisonment in this case. A sentence within the advisory Guidelines range is necessary to deter others who are in a position to choose between a law-abiding life and a life of crime.

IV.    Conclusion

In this case, given all of the facts and circumstances discussed above, a sentence within the Guidelines range is necessary in order to achieve the purposes set forth in 18 U.S.C. § 3553(a). Therefore, and for all of the foregoing reasons, the government respectfully submits that the Court

should impose a sentence within the advisory Guidelines range of 36 to 47 months.

        Respectfully submitted,

        LORETTA E. LYNCH
        United States Attorney
        Eastern District of New York

    By:  /s/
        Gina M. Parlovecchio
        Assistant U.S. Attorney
        (718) 254-6228

cc: Victoria M. Aguilar, U.S. Probation Officer (by E-mail)
   Manuel Sanchez, Esq. (by ECF)
   Clerk of Court (DLI) (by ECF)